## Roland v. Reading School District, Appellant. (2)

*Contract—Text-books for school district.*

Plaintiff entered into a written contract to furnish to a school district text-books of a certain kind at a fixed price per volume. The contract contained the following stipulation: " It is understood and agreed by and between the parties hereto that in case an additional number of any of the books set out in the foregoing list are required by the said party of the second part during the current school year commencing September 1, 1892, and ending June 30, 1893, said party of the first part is to furnish the same at such time and place as may be designated by said party of the second part." Prior to the making of the contract, plaintiff wrote to

the school board saying : " We wish most respectfully to remind you that our price on any books not called for in your bid will be supplied at cost." During the year plaintiff furnished to the district books of a kind not embraced in the contract. *Held,* that it was proper to leave to the jury the question whether plaintiff had undertaken in any manner to furnish the books of a different kind than those specified in the contract, at a particular price.

Argued Feb. 28, 1894.   Appeal, No. 110, Jan. T., 1894, by defendant, from judgment of C. P. Berks Co., Dec. T., 1892, No. 36, on verdict for plaintiff, Walter G. Roland.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and DEAN, JJ. Affirmed.

Assumpsit for goods sold and delivered.   Before ENDLICH, J. The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

" The defence is that the plaintiff agreed, as part of his undertaking to supply the specific books advertised for, to furnish all other additional books in the course of that year at cost. Gentlemen, if that is true, if he did do that, if, in consideration of getting this contract to supply certain specific books, he undertook to supply other books that they wanted, at cost, then that is all he can recover in that suit, and you will have to say what cost is—does it include the cost of transportation or not? [If, on the other hand, it is not true, if there was no undertaking on the subject of these other and additional books, then the plaintiff, having furnished these books upon the orders of the school board, which are not disputed, is entitled to recover what they are worth, and if you think what he claims for in this second suit is fair, then you will be justified in allowing him that amount."] [2]

Defendant's point was among others as follows :

" 1. It appearing that the books in suit were bought from Roland in consequence of the letter of June 13, 1892, wherein he agreed to furnish books not in the list at the cost price, the utmost Mr. Roland can recover is the cost price of the books furnished, with interest to date."   Refused. [1]

Verdict and judgment for whole amount of claim.

*Errors assigned* were (1–2) above instructions, quoting them.

*William Kerper Stevens*, for appellant.

*C. H. Ruhl, Daniel Ermentrout* and *H. P. Wanner* with him, for appellee.

OPINION BY MR. JUSTICE WILLIAMS, April 9, 1894:

The plaintiff in this case is a book seller in the city of Reading. In July, 1892, he entered into a contract in writing with the Reading School District to furnish text-books for use in the public schools of that city. The contract required him to furnish a certain number of each sort of school book needed, at a fixed price per volume. During the negotiations that led up to this contract the plaintiff wrote a letter to the secretary of the school board, saying, "We wish most respectfully to remind you that our price on any books not called for in your bid will be supplied at cost."

This letter was evidently understood by the school board to refer to any additional number, that might be needed during the year, of the same text books enumerated in the schedule on which bids had been asked for from dealers. The action of the school board in the acceptance of Roland's bid and in directing its secretary to prepare and execute a contract with him shows this understanding clearly. It appears also in the terms of the written contract which was executed by the parties, in the following stipulation: "It is understood and agreed by and between the parties hereto that in case an additional number of any of the books set out in the foregoing list are required by the said party of the second part during the current school year commencing September 1, 1892, and ending June 30th, 1893, said party of the first part is to furnish the same at such time and place as may be designated by said party of the second part."

This it will be seen relates only to an additional number of the same text-books provided for by the contract, and not to other books not so provided for. As to such other text-books as might be required during the year, not included in the plaintiff's bid and the contract, there was no stipulation in the written agreement as to price. If such books were needed they might have been provided for by an additional agreement before they were ordered. The books claimed for in this case are not additional in number of the kinds named in the contract, but they are additional in kinds. They are not embraced in

the contract, because, as it would appear, they were not then thought to be necessary. The question raised was, had the plaintiff undertaken in any manner to furnish these books at a particular price? The school board set up the letter that preceded the making of the contract, and alleged that its terms covered these books. This question the learned trial judge submitted to the jury upon all the evidence in the case, including the written contract. The defendant is in no position to complain of this. The jury has disposed of the question in a manner which seems to have been satisfactory to the court below, and has found that there was no undertaking on the part of the plaintiff to furnish the books sued for at cost, or at any fixed price.

This being so, the plaintiff's right to recover is clear, and the judgment should not be disturbed. It is now affirmed.